IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 01-000174-CR-W-HFS |
| | ) | |
| GREGORY A. HILL | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is defendant's pro se Motion for Compassionate Release under 18 U.S.C. § 3582. (Doc. 227), and an Amended Motion filed by counsel. (Doc. 231).

On October 11, 2001, defendant was charged with conspiracy to manufacture a mixture or substance of methamphetamine in an amount of 50 grams or more; attempt to manufacture a mixture or substance of methamphetamine, and possession with intent to distribute methamphetamine. At the conclusion of a jury trial defendant was found guilty of all counts, and on June 13, 2002, he was sentenced to a term of

1

imprisonment of 360 months, followed by an 8 year period of supervised release on the first two counts and 6 years on the third count. (Doc. 154). Defendant is housed at the Federal Correctional Institution Bastrop, located in Austin, Texas, and his projected release date is December 16, 2026.

Unlike many requests for reduction in sentence based on compassionate release, here, there is no dispute that administrative remedies have been exhausted and that defendant's medical conditions[1] have been identified by the CDC as risk factors that increase the likelihood of severe illness or death in the event defendant were to contract COVID-19. Thus, there exists extraordinary and compelling reasons, satisfying 18 U.S.C. § 3582(c).

However, the Government argues that early release should be denied because defendant presents a danger to the community. This argument is based on the underlying offense in which defendant

---

[1] Defendant's documented medical conditions include metastatic papillary carcinoma; hypertension; major depressive disorder; esophageal reflux; chronic hepatitis C; hypermetropia; hypothyroidism; malignant neoplasm of thyroid gland; and other disease of vocal cord.

2

engaged in a methamphetamine manufacturing conspiracy where residences were used for preparation and distribution of the drugs. The Government notes that during the attempted arrest, defendant resisted by engaging in a high-speed chase and once apprehended, he struggled causing injuries to an officer who required medical treatment of 12 stitches. In considering criminal history, the Government notes that since the age of 17 defendant has been arrested 20 times for crimes including the sale of controlled substances, second-degree burglary, third-degree assault, theft, providing liquor to a minor, and driving while intoxicated.

**Section 3553(a) Factors and Danger to Community**

Section § 3582(c)(1)(A) requires a court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. Section 3553(a) requires that I consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission ...;]

(5) any pertinent policy statement [issued by the Sentencing Commission ...']

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

4

(7) the need to provide restitution to any victims of the offense.

In the case at bar, the underlying offense is indeed serious, and counsel acknowledges that based on defendant's extensive criminal history he was found to be a career offender which increased his sentence to a term of imprisonment of 360 months. (Doc. 158, Presentence Investigation Report). However, defendant is now 57 years of age and suffers from a number of medical conditions; the most serious of which is malignant neoplasm of the thyroid gland[2] and other diseases of vocal cords which will require nuclear I-131 therapy to be followed with endocrinology and oncology. (Doc. 231, Att. A). This would which would seem to substantially limit any ability to engage in further criminal conduct at this time in his life, and there is almost no record locally of persons under supervision engaging in major drug offenses.[3]

---

[2] When initially diagnosed, a soft tissue excision and pathology on Nov. 16, 2017, was negative for malignancy, but upon return of the mass, a pathology report dated Dec. 11, 2018, indicated that the left neck lesion was positive for metastatic papillary carcinoma with the presence of lymph vascular invasion. (Doc. 231, Att. B).

[3] Although no prophet regarding medical dangers to defendant in prison, I am less troubled by covid-19 than by possible medical neglect of cancer, as suggested by the delayed treatment reported here.

5

Defendant has served more than two-thirds of his sentence and is scheduled to be released in approximately 5 years which does not minimize the seriousness of his offense or undermine deterrence. Additionally, defendant has demonstrated largely good behavior while incarcerated, availed himself of numerous educational classes and completed payment of the court-order assessment. (Doc. 231, Att. 14). Finally, counsel states that a home plan with defendant's brother, Dale Vaughn, has been approved by Probation Officer Chad Obersteadt on March 29, 2021, and will be subject to supervised release for 8 years following his release. (Doc. 235, Reply Brief: p. 5).

After considering the applicable factors under § 3553(a), I find that defendant does not present a danger to the community and is eligible for compassionate release. United States v. Burnside, 467 F.Supp.3d 659 (N.D.Ia. 2020); see also, United States v. Conner, 465 F.Supp.3d 881 (N.D.Ia. 2020). Therefore, the motions (Docs. 227 and 231) are GRANTED.

Defense counsel, the Government, and probation officer shall jointly propose a final order with all necessary details of the home plan, supervised release, if any, and any attendant conditions which shall be promptly presented.[4]

**SO ORDERED.**

May 7, 2021

s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

---

[4] The proposed order shall be emailed to Karen Graves at: karen_graves@mow.uscourts.gov.